**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1564**

_____

ROBBIE CHRISHON-SKINNER,

               Plaintiff - Appellant,

     v.

CARL C. JONES, individually and in his official capacity as Grand Worthy Patron of Myra Grand Chapter; NOEL C. OSBORNE, SR., individually and in his official capacity as Most Worshipful Grand Master of the Prince Hall Grand Lodge of Maryland; THE MOST WORSHIPFUL PRINCE HALL GRAND LODGE, FREE AND ACCEPTED MASONS, OF MARYLAND AND ITS JURISDICTIONS, INC.,

               Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Senior District Judge.  (1:25-cv-00315-JKB)

_____

Submitted:  October 30, 2025                         Decided:  November 3, 2025

_____

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

Robbie Chrishon-Skinner, Appellant Pro Se.  Randall J. Craig, Jr., CRAIG LAW GROUP, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robbie Chrishon-Skinner appeals the district court's order granting the defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss and dismissing her pro se complaint. Limiting our review to the issues raised in Chrishon-Skinner's informal briefs, we have reviewed the record and discern no reversible error.* *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we affirm the district court's order, *Chrishon-Skinner v. Jones*, No. 1:25-cv-00315-JKB (D. Md. Apr. 24, 2025), as modified to reflect dismissal without prejudice, *see King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (recognizing that dismissal of pro se complaint generally should be without prejudice if district court did not give plaintiff opportunity to amend nor discuss why amendment would be futile). We dispense with oral argument because the facts and legal contentions are adequately

---

* In her informal briefs, Chrishon-Skinner does not challenge the district court's reasons for dismissing her claims for (1) interference with a business relationship, (2) tortious interference with contract, and (3) conspiracy to commit tortious interference with contract. Although Chrishon-Skinner does challenge the district court's reason for dismissing her defamation claim, we conclude that the district court correctly dismissed that claim. Insofar as Chrishon-Skinner argues that the district court abused its discretion by not granting her leave to amend her complaint, we reject that argument because she did not file a proposed amended complaint or a statement explaining proposed amendments in the district court. *See Emps.' Ret. Sys. of the City of Baton Rouge & Par. of E. Baton Rouge v. MacroGenics, Inc.*, 61 F.4th 369, 394 (4th Cir. 2023). Finally, we decline to consider the new claims that Chrishon-Skinner raises on appeal. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) (recognizing that, absent exceptional circumstances, we do not consider claims raised for the first time on appeal).

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*